**IN THE UNITED STATES DISTRICT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

DALE MERRITT                                   :

        Plaintiff                              :                   CASE NO. 1:21-CV-01978-JG

        v.                                     :                   JUDGE JAMES S. GWIN

                                             :

GB MANUFACTURING COMPANY          :

        Defendant.                          :

## DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, Defendant GB Manufacturing Company ("Defendant") respectfully moves for summary judgment on the two claims asserted by Plaintiff Dale Merritt ("Plaintiff"). Plaintiff asserts an age discrimination claim under federal law and a common law public policy claim under Ohio law. Summary judgment is appropriate on both claims because "there is no genuine dispute as to any material fact and [Defendant] is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). This Motion is supported by the attached Memorandum in Support, the deposition of Plaintiff, and the Declaration of Linda Ahlefeld.

Respectfully submitted,

*/s/ David A. Campbell*
David A. Campbell (0066494)
Andrea V. Arnold (0099455)
Lewis Brisbois Bisgaard & Smith, LLP
1375 E. 9th Street, Suite 2250
Cleveland, OH 44114
Phone: (216) 298-1262
Fax: (216) 344-9421
david.a.campbell@lewisbrisbois.com
andrea.arnold@lewisbrisbois.com

*Attorneys for Defendant*

## MEMORANDUM IN SUPPORT

### I.  STATEMENT OF ADHERENCE TO L.R. 7.1

This Memorandum in Support adheres to the page limitations set forth in Local Rule 7.1 of the United States District Court for the Northern District of Ohio.  The present action has been assigned to the standard case management track.

### II.  SUMMARY OF THE ARGUMENT

Plaintiff Dale Merritt ("Plaintiff") was employed by GB Manufacturing Company ("Defendant") and Defendant's predecessor for over twenty years and was hired on three separate occasions.  (Deposition of Plaintiff at 12 and 20-24 (hereinafter "Dep. Plaintiff at __"));[1] Declaration of Linda Ahlefeld at ¶¶6-8 (hereinafter "Dec. Ahlefeld at __").[2]  Plaintiff and a younger co-worker were discharged following an investigation into a highly inappropriate package delivered to one of Defendant's supervisors.  (Dec. Ahlefeld at 24 and Ex. 7).

Plaintiff admits that his younger co-worker was discharged by Defendant for cause.  (Dep. Plaintiff at 53).  Nonetheless, Plaintiff filed this lawsuit alleging age discrimination and a common law public policy claim.  Both claims fail as a matter of law based on the undisputed facts and Plaintiff's admissions.

The age discrimination claim fails because Plaintiff and an employee much younger than Plaintiff and under 40 were treated identically.  *Brown v. Metro. Gov't of Nashville & Davidson Cty.*, No. 17-5603, 722 Fed. Appx. 520, 527 (February 1, 2018).  In addition, Plaintiff cannot prove pretext because he admits the misconduct warranted discharge and Plaintiff's discharge followed a good faith investigation.  *Thompson v. Fresh Prods., LLC*, 985 F.3d 509, 522 (6th Cir. 2021).

---

[1] Cited pages from the deposition of Plaintiff are attached hereto as Exhibit 1.
[2] The Declaration is attached hereto as Exhibit 2.

Plaintiff's public policy claim is similarly flawed.  The claim is preempted by the National Labor Relations Act (the "NLRA") because Plaintiff is asserting a classic Section 8(a)(1) violation. *San Diego Building Trades Council v. Garmon*, 359 U.S. 236, 244-47 (1959).  The claim also fails on the merits because OSHA provides Plaintiff with an adequate remedy and Plaintiff cannot prove causation.  Accordingly, summary judgment should be granted in favor of Defendant on both claims asserted because there are no genuine issues of material facts for trial and Defendant is entitled to judgment as a matter of law.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).

## III.  RELEVANT AND UNDISPUTED FACTS

### A.  Plaintiff's General Employment History With Defendant.

Relevant to this Motion, Defendant operates two plants located in Shelby and Shiloh, Ohio.  (Dec. Ahlefeld at 3).  Plaintiff admits that because Defendant is a manufacturer that Defendant focuses on safety.  (Dep. Plaintiff at 29-30); (Dec. Ahlefeld at 10).

Plaintiff was first hired to work at the plants by Defendant's predecessor in 1993.  (Dep. Plaintiff at 21); (Dec. Ahlefeld at 6).  From 1993 until 2020, Plaintiff resigned and was rehired on two occasions.  (Dep. Plaintiff 23-24); (Dec. Ahlefeld at 6-8).  Plaintiff held a supervisory position from 2006 until 2010.  (Dep. Plaintiff at 22-23).  Plaintiff's total tenure with Defendant and its predecessor was over twenty years.  (Dec. Ahlefeld at 6-9).  Plaintiff's final tenure of employment with Defendant was from 2016 until 2020.  (Dep. Plaintiff at 12 and 24); (Dec. Ahlefeld at 8).  Plaintiff admits that he only had low level discipline over the many years of his employment prior to his 2020 discharge.  (Dep. Plaintiff at 27).

Defendant's policies prohibit harassment and discrimination.  (Dep. Plaintiff at 30 and Ex. 2).  In addition, Plaintiff concedes that he had multiple complaint procedures.  (Dep. Plaintiff

at 30-31 and Ex. 2). Plaintiff admits that he never complained of discrimination during his last four years of employment. (Dep. Plaintiff 26-27).

### B. Plaintiff Admits That He Was Friends With His Co-Workers And Supervisors.

When asked about his supervisor and co-workers, Plaintiff freely admitted that he was "friends with all of them." (Dep. Plaintiff at 32-33). There are two investigators relevant to Plaintiff's discharge and Plaintiff admitted that he had no issues with either investigator. (Dep. Plaintiff at 67).

Finally, the other two co-workers who were involved in the investigation were Tim Shepherd and Andrew Oney. (Dec. Ahlefeld at 22-23). Plaintiff admits that Oney was a friend who had a lot of respect for him and even asked Plaintiff to be his best man. (Dep. Plaintiff at 39 and 59-60). Shepherd is Plaintiff's brother-in-law. (Dec. Ahlefeld at 22).

### C. Plaintiff's Discharge Followed A Fair And Thorough Investigation.

Due to the manufacturing environment, Defendant's employees are required to wear safety glasses when on the manufacturing floor. (Dep. Plaintiff at 30). When grinding, Defendant's employees had to wear safety goggles. (Dep. Plaintiff at 30).

Plaintiff alleges that he and his co-workers saw David Shafer walking around the plant without safety glasses and grinding on one occasion without goggles. (Dep. Plaintiff at 29-30). Plaintiff admits that David Shafer not following practices did not place Plaintiff at harm. (Dep. Plaintiff at 38). However, Plaintiff believed that OSHA required David Shafer to follow the safety policy. (Dep. Plaintiff at 38). In addition, Plaintiff and others received compensation for no workplace injuries and Plaintiff believed that David Shafer's conduct placed the compensation at risk. (Dep. Plaintiff at 89).

Plaintiff alleged that he complained when he saw David Shafer violating the policy over a three month period. (Dep. Plaintiff at 69). Plaintiff was not disciplined for the complaints. (Dep. Plaintiff at 69). In fact, Plaintiff claims that "multiple people" were complaining about David Shafter's violation of policy. (Dep. Plaintiff 81). Defendant's Human Resources Generalist, Linda Ahlefeld, informed Plaintiff that she would look into the issue. (Dep. Plaintiff at 38). In fact, David Shafer has received two disciplinary actions for safety issues during his employment. (Dec. Ahlefeld at 28).

On August 17, 2020, a tube which contained a t-shirt, sunglasses, a pen, and a handwritten note were left at David Shafer's work station. (Dec. Ahlefeld at 15). On the front of the shirt was a large depiction of safety glasses and on the back of the t-shirt was printed, "Special Kind of Stupid." (Dec. Ahlefeld at 16 and Ex. 3). The handwritten letter in the tube read:

1. A t-shirt that describes you
2. A pair of safety glasses so you can get the ones off your head
3. A pen to write yourself up when your glasses are on your head

- from your worst nightmare

(Dec. Ahlefeld at 16 and Ex. 3).

Defendant conducted an investigation into the package and found that three other t-shirts were designed and purchased. (Dec. Ahlefeld at 17). These t-shirts included a middle finger and referred to the group who provided Shafer with the tube as the "F*CK OFF GANG." (Dec. Ahlefeld at 17).

Linda Ahlefeld and Clint Wall, Defendant's former Chief Operating Officer, investigated the package in order to determine who was responsible. (Dec. Ahlefeld at 18). Plaintiff was one of the employees interviewed. (Dep. Plaintiff at 52-53). Plaintiff admits that it was appropriate for Defendant to select him to be interviewed. (Dep. Plaintiff at 73). Plaintiff

and his co-worker, Andrew Oney, initially denied any involvement. (Dec. Ahlefeld at 21). However, Ahlefeld was able to find the company that created the t-shirts and the company verified that Andrew Oney purchased the t-shirts. (Dec. Ahlefeld at 21).

Oney eventually signed a written statement admitting that he and Plaintiff planned the David Shafer gift. (Dec. Ahlefeld at 21 and Ex. 5); (Dep. Plaintiff at Ex. 10). In addition, Plaintiff's brother-in-law, Tim Shepherd, signed as written statement that confirmed Shepherd heard rumors about the David Shafter t-shirts from Plaintiff. (Dec. Ahlefeld at 22 and Ex. 6). Based on these statements, Ahlefeld and Wall concluded that Oney and Plaintiff should be discharged. (Dec. Ahlefeld at 24 and Ex. 7). Oney is under forty years of age and much younger than Plaintiff. (Dep. Plaintiff at 41); (Dec. Ahlefeld at 14). Most importantly, Plaintiff admits that Oney was discharged by Defendant for good cause because the David Shafter package was not appropriate for the workplace. (Dep. Plaintiff at 53-54).

## IV.  LAW AND ARGUMENT

### A.  Standard of Review.

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). Defendant, as the movant, has the burden of proving that there are no genuine issues of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). This Court evaluates the evidence in the light most favorable to Plaintiff when reviewing Defendant's motion. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133 (2000). However, the mere scintilla of evidence supporting Plaintiff is not sufficient; there must be evidence on which a jury could reasonably find for Plaintiff in order to deny Defendants' motion. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251 (1986).

Based on this Motion, Defendant has satisfied its initial burden by "identifying those parts of the record which demonstrate the absence of any genuine issue of material fact." *Lindsey v. Whirlpool Corp.*, 295 Fed. Appx. 758, 764 (6th Cir. 2008). The burden now shifts to Plaintiff who has the burden to "point to evidence that demonstrates that there is a genuine dispute of material fact for trial." *Ask Chems., LP v. Comput Packages, Inc.*, 593 Fed. Appx. 506, 508 (6th Cir. 2014). "[T]he nonmoving party may not simply rely on its pleading, but must 'produce evidence that results in a conflict of material fact to be solved by a jury.'" *MISC Berhad v. Advanced Polymer Coatings, Inc.*, 101 F.Supp. 3d 731, 736 (N.D. Ohio 2015).

## B.    Plaintiff's Age Discrimination Claim Fails As A Matter Of Law.

The first claim for relief is age discrimination. (ECF#1, pg. 8). The claim is based on Plaintiff's allegation that Plaintiff was treated "differently from other similarly-situated employees based on his age." (ECF #1 ¶89). As set forth below, Plaintiff's allegation is false and summary judgment should be entered in favor of Defendant.

To establish a prima facie case of age discrimination, Plaintiff must show that: "'(1) he is a member of the protected class, that is, he is at least forty years of age; (2) he was subjected to an adverse employment action; (3) he was qualified for the position; and (4) he was treated differently from similarly situated employees outside the protected class.'" *Brown v. Metro. Gov't of Nashville & Davidson Cty.*, No. 17-5603, 722 Fed. Appx. 520, 527 (February 1, 2018) (*citing Mitchell v. Vanderbilt Univ.*, 389 F.3d 177, 181 (6th Cir. 2004) (*citing McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973)).

In this case, it is undisputed that Plaintiff and a co-worker under the age of forty were discharged for the same misconduct. Accordingly, Plaintiff cannot prove a prima facie case of age discrimination. *Vasser v. Saargummi Tenn., LLC*, 2019 U.S. Dist. LEXIS 225889 *29 (M.D. Tenn.

Dec. 2, 2019) ("[m]oreover, it is undisputed that neither Ms. Beech nor Ms. Barbin treated Plaintiff differently than any other employee, nor did they witness any other person treating Plaintiff differently than any other employee. Accordingly, Plaintiff cannot establish a prima facie case of age discrimination under the ADEA and Defendant is entitled to a judgment as a matter of law on this claim."); *Bigelow v. ANR Pipeline Co.*, No. 96-1642, 1997 U.S. App. LEXIS 19935 *20 (6th Cir. July 29, 2017) ("[b]ecause Bigelow cannot show that pilots outside of the protected class engaged in substantially identical conduct and were treated differently, we conclude that a reasonable jury could not infer age discrimination."); *Graves v. Starbucks Coffee Company/Starbucks Corp.*, Case No. 1:15-cv-431, 2016 U.S. Dist. LEXIS 111484 *25 (S.D. Ohio Aug. 22, 2016) ("[a]ccordingly, Plaintiff can only demonstrate a prima facie case of age discrimination if she can show that she was treated less favorably than a substantially younger similarly situated person. However, much like with her claim of racial discrimination, Plaintiff cannot make this showing because she was the only store manager in her district who had not already acquired an FSC at the time of her termination").

If, *arguendo*, Plaintiff can establish a prima facie case of discrimination, the burden shifts to Defendant to provide a legitimate, nondiscriminatory reason for the adverse action. *Thompson v. Fresh Prods., LLC*, 985 F.3d 509, 522 (6th Cir. 2021). In this case, the package that was delivered to David Shafer included a threatening note and a highly inappropriate t-shirt. (Dec. Ahlefeld at 16). In fact, Plaintiff admits that Oney was discharged by Defendant for good cause because the David Shafter package was not appropriate for the workplace. (Dep. Plaintiff at 53-54).

Finally, because Defendant can prove a legitimate, nondiscriminatory reason for discharging Plaintiff, the burden shifts back to Plaintiff to make a showing that the stated reason

is merely pretext for unlawful discrimination. *Romans v. Mich. Dep't of Human Servs.*, 668 F.3d 826, 838 (6th Cir. 2012). To establish pretext, a plaintiff may show the defendant's reason (1) has no basis in fact, (2) did not actually motivate the defendant's challenged conduct, or (3) was insufficient to warrant the challenged conduct. *Thompson,* 985 F.3d at 522.

In this matter, Plaintiff admits that the David Shafter gift warrants discharge, but Plaintiff denies that Oney told the truth about his involvement. However, "[i]f an employer has an 'honest belief in the nondiscriminatory basis upon which it has made its employment decision (i.e. the adverse action), then the employee will not be able to establish pretext." *Tingle v. Arbors at Hilliard*, 692 F.3d 523, 530-31 (6th Cir. 2012) (*quoting Majewski v. Automatic Data Processing, Inc.*, 274 F.3d 1106, 1117 (6th Cir. 2001)); *see also Chen v. Dow Chem. Co.*, 580 F.3d 394, 401 (6th Cir. 2009) ("[w]hen an employer reasonably and honestly relies on particularized facts in making an employment decision, it is entitled to summary judgment on pretext . . . ."). The basis of this honest belief must come from particularized facts that were before the employer when the decision was made, allowing the employer to make a "reasonably informed and considered decision before taking an adverse employment action." *Braithwaite v. Timken Co.*, 258 F.3d 488, 494 (6th Cir. 2001) (*quoting Smith v. Chrysler Corp.*, 155 F.3d 799, 807 (6th Cir. 1998)).

Plaintiff admits that it was appropriate for Defendant to interview him. Defendant's investigation included admissions from two of Plaintiff's co-workers who identified Plaintiff as being involved in the misconduct. Moreover, both of the two co-workers were friends with Plaintiff with no reason to lie. In fact, Plaintiff admits that he has no logical reason to explain why Oney lied. (Dep. Plaintiff at 58). In fact, Plaintiff admits that he has no logic for how his discharge was based on his age. (Dep. Plaintiff at 68). Accordingly, because Plaintiff cannot prove a prima

facie case or pretext, summary judgment should be entered in favor of Defendant on Plaintiff's age discrimination claim.

### C.    Plaintiff's Public Policy Claim Fails As A Matter Of Law.

The second claim asserted by Plaintiff is wrongful termination in violation of public policy under Ohio law. (ECF #1, pg. 9). This claim fails on the merits and because it is preempted by the NLRA.

### 1.    Plaintiff's claim fails on the merits.

In *Petras v. 3G Operating Co., LLC*, CASE NO. 2020-L-084, 2021-Ohio-473 (11th Dist. Feb. 22, 2021), the court recently set forth the elements necessary to demonstrate a claim for wrongful discharge in violation of public policy: (1) that clear public policy existed and was manifested in a state or federal constitution, statute or administrative regulation, or in the common law (the clarity element); (2) that dismissing employees under circumstances like those involved in the plaintiff's dismissal would jeopardize the public policy (the jeopardy element); (3) the plaintiff's dismissal was motivated by conduct related to the public policy (the causation element); and (4) the employer lacked overriding legitimate business justification for the dismissal (the overriding justification element). *Id.* at ¶20.

The complaints in this matter were based on alleged OSHA violations. (Dep. Plaintiff at 38 and 82). Plaintiff admitted that he could have simply called OSHA to remedy the alleged safety glass violation. (Dep. Plaintiff at 82). In *Carpenter v. Bishop Well Servs. Corp.*, Case No. 2009CA00027, 2009-Ohio-6443 (5th Dist. 2009), the court reviewed Ohio Supreme Court authority to verify that a public policy claim cannot move forward when a statutory scheme provides the full array of remedies. *Id.* at ¶28 (*citing Leininger v. Pioneer National Latex*, 115 Ohio St.3d 311 (2007)). Based on the Ohio Supreme Court's decision in *Leininger*, the *Bishop*

court held that a plaintiff cannot base a public policy claim on OSHA because OSHA provides "for judicial review and a judicial remedy, as well as reinstatement, back pay, exemplary damages, interest, injunctive relief, and expungement of employee's record." *Carpenter*, 2009-Ohio-6443 at ¶36. Accordingly, Plaintiff cannot meet the jeopardy element of his claim.

In addition, state and federal courts have "applied a similar burden-shifting analysis in claims of wrongful discharge in violation of public policy." *Sells v. Holiday Mgmt.*, No. 11AP-205c, 2011-Ohio-5974 *22 (10th Dist. Nov. 17, 2011); *Hall v. ITT Automotive*, 362 F.Supp.2d 952, 960 (N.D.Ohio 2005); *White v. Simpson Industries, Inc.* 1 Fed.Appx. 462 (6th Cir. 2001); *Kittle v. Cynocom Corp.* 232 F.Supp.2d 867, 874 (S.D. Ohio 2002). As to retaliation claims, the United States Supreme Court, in *University of Texas Southwestern Medical Center v. Nassar*, 570 U.S. 338 (2013), held that the "but for" standard applies. *Id.* at 362-363.

In this matter, as set forth in the age discrimination pretext analysis, Plaintiff cannot prove that his safety glass complaints were the but for reason for his discharge. To the contrary, Plaintiff complained for three months, but was not disciplined. (Dep. Plaintiff at 69). In addition, "multiple" employees complained of the safety glass issue over this time period. (Dep. Plaintiff at 81). Finally, as with age discrimination, Plaintiff admits that the misconduct warrants discharge and he has no logical explanation for why his prior complaints resulted in his discharge. (Dep. Plaintiff at 53 and 71). Accordingly, summary judgment should be entered in favor of Defendant on Plaintiff's public policy claim.

### 2.     Plaintiff's claim is also preempted by the NLRA.

Plaintiff's public policy claim also fails because it is preempted by the NLRA. *San Diego Building Trades Council v. Garmon*, 359 U.S. 236, 244-47 (1959). Courts have long recognized that "claims of . . . safety violations are typical issues of dispute under the NLRA." *Casumpang*

*v. Hawaiian Commer. & Sugar Co.*, No. 12-00694 ACK-BMK, 2014 U.S. Dist. LEXIS 121556
*26 (D. Hawaii Aug. 29, 2014); *Platt v. Jack Cooper Tranp.*, 959 F.2d 91, 94 (8th Cir. 1992)
("[t]hus, Platt's claim that he was discharged in retaliation for making safety complaints satisfies
the threshold test for Garmon preemption.").

Plaintiff's public policy claim is a classic Section 8(a)(1) claim under the NLRA.[3]
*Andrewsikas v. Supreme Indus.*, No. 3:19-cv-00574 (JAM), 2021 U.S. Dist. LEXIS 52840 *1 (D.
Conn. March 22, 2021) ("[t]he question before me is whether the National Labor Relations Act
('the Act' or 'NRLA') preempts a union employee's state law claim that he was discharged because
of his and a co-worker's complaints about workplace safety. My answer is "yes" on the undisputed
facts of this case").

The facts in *Andrewsikas* are substantially similar to the facts in this case.  As in this matter,
the Plaintiff alleged that a foreman was violating the employer's safety policies. *Id.*  Specifically,
the plaintiff alleged that "he and another co-worker complained to the company that a foreman
who was in charge of their work crew was frequently drunk while driving trucks and operating
heavy machinery." *Id.*  Following the termination of his employment, the plaintiff asserted a claim
under Connecticut state law alleging that his employer unlawfully "discharged him to retaliate for
his complaints about workplace safety." *Id.*

The issue in *Andrewsikas* was whether the plaintiff's state law claim was preempted by the
Garmon preemption.  *Id.* at *6 (*citing San Diego Building Trades Council v. Garmon*, 359 U.S.
236, 244-47 (1959)).  The determining factor for the court was whether "the controversy is of the
type that could have been presented to the NLRB." *Id.* (*citing Sears, Roebuck & Co. v. San Diego*

---

[3] Plaintiff's non-union status does not alter this analysis. *Vic Tanny Int'l, Inc. v. NLRB*, 622 F.2d 237, 241 (6th Cir.
1980) ("[U]norganized employees who jointly participate in a walkout . . . to present job related grievances to
management are engaged in concerted activity protected by Section 7 regardless of whether or not the employees are
members of a union.").

*County Dist. Council of Carpenters*, 436 U.S. 180, 197 (1978)).  Most importantly, the court held that "[b]ecause the relevant issue is simply whether the controversy could have been presented to the NLRB, Garmon preemption broadly applies so long as 'an activity is arguably subject to § 7 or § 8 of the Act.'"  *Id.* at *7 (*citing Healthcare Ass'n of New York State, Inc. v. Pataki*, 471 F.3d 87, 95 (2d Cir. 2006) (*quoting Garmon*, 359 U.S. at 245)).

The court found that "the record conclusively shows that Andrewsikas's claim is based on conduct that is at least arguably subject to protection under the NLRA."  *Id.* at *12.  In the *Andrewsikas* matter, the court found that the plaintiff's conduct was concerted and partaken in for the mutual aid and protection of the workforce. *Id.* at *9-12.  Finally, the *Andrewsikas* court found that no exceptions applied and, therefore, "[b]ecause the record conclusively shows that Andrewsikas could have presented his claim to the Board and because none of the exceptions to Garmon preemption apply. . ., the court granted summary judgment in favor of the employer." *Id.* at *2.

In this matter, Plaintiff admitted that his conduct was concerted and that it was based on a term and condition of his employment.  (Dep. Plaintiff at 45-46 and Ex. 3, pg. 25).  Plaintiff did not file a charge under the NLRA because he was unaware of the statute until his deposition.  (Dep. Plaintiff 83).  Accordingly, summary judgment should also be entered in favor of Defendant on Plaintiff's public policy claim because the claim is preempted by the NLRA.

V.    **CONCLUSION**

Based on the above-cited arguments and authorities, there are no genuine issues of material fact and summary judgment should be entered in favor of Defendant on all claims asserted by Plaintiff.

Respectfully submitted,

*/s/ David A. Campbell*
David A. Campbell (0066494)
Lewis Brisbois Bisgaard & Smith, LLP
1375 E. 9th Street
Suite 2250
Cleveland, OH 44114
Phone: (216) 298-1262
Fax: (216) 344-9421
david.a.campbell@lewisbrisbois.com

*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on this 2nd day of May 2022, the foregoing was filed through the

Court's CM/ECF electronic filing system.

/s/ David A. Campbell
David A. Campbell (0066494)
*One of the Attorneys for Defendant*