# EXHIBIT 3

IN THE UNITED STATES DISTRICT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

DALE MERRITT                  :

                                       :       CASE NO. 1:21-CV-01978-JG

                Plaintiff         :

    v.                                :       JUDGE JAMES S. GWIN

                                         :
GB MANUFACTURING COMPANY    :

                                         :

              Defendant.       :

**PLAINTIFF'S RESPONSES TO DEFENDANT'S FIRST SET OF INTERROGATORIES,
FIRST REQUESTS FOR PRODUCTION, AND FIRST REQUESTS
FOR ADMISSIONS DIRECTED TO PLAINTIFF**

**INTERROGATORIES**

**INTERROGATORY NO. 1:**

Identify all persons answering or contributing to the answers to these interrogatories.

**ANSWER:**

**Dale Merritt, with the Spitz Law Firm, LLC objecting.**

**INTERROGATORY NO. 2:**

Identify all persons with whom you have communicated or whom you have contacted

regarding the allegations contained in the Complaint and state when you communicated with or

contacted such persons.

**ANSWER:**

**Objection.**

**The foregoing Interrogatory is so vague, ambiguous, argumentative, overly broad, unduly
burdensome, and compound as to render it incapable of answer in its present form.**

1

EXHIBIT
3

**Without waiving the foregoing objections, and expressly reserving other objections which may be applicable to the Interrogatory, in the interest of furthering the discovery process, Plaintiff submits the following response:**

**None.**

**INTERROGATORY NO. 3:**

Identify the name, work and home address, telephone number, and e-mail address of all individuals who have knowledge about the facts and circumstances referenced in the Complaint, including a summary of the facts known to each individual identified.

**ANSWER:**

**Objection.**

**The foregoing Interrogatory is so vague, ambiguous, argumentative, overly broad, unduly burdensome, and compound as to render it incapable of answer in its present form.**

**Without waiving the foregoing objections, and expressly reserving other objections which may be applicable to the Interrogatory, in the interest of furthering the discovery process, Plaintiff submits the following response:**

- **Plaintiff; Would have knowledge of the allegations made in the Complaint and damages.**
- **Frank Schaffer; Would have knowledge of the allegations made in the Complaint.**
- **David Schaffer; Would have knowledge of the allegations made in the Complaint.**
- **Ray Oney; Would have knowledge of the allegations made in the Complaint.**
- **Jeff Owens; Would have knowledge of the allegations made in the Complaint.**
- **Andrew Oney; Would have knowledge of the allegations made in the Complaint.**
- **Linda Buckner; Would have knowledge of the allegations made in the Complaint.**
- **Rachel (Human Resources); Would have knowledge of the allegations made in the Complaint.**

**Plaintiff reserves the right to supplement his response in accordance with the local rules and the Court's pretrial orders.**

**INTERROGATORY NO. 4:**

State whether you have obtained any oral, written, transcribed, or recorded statement from any person with knowledge of the facts relating to the allegations contained in the

Complaint, or Defendant, and, if so, identify the person from whom the statement was obtained,

the date the statement was obtained, and describe the content of the statement.

**ANSWER:**

**Objection.**

**The foregoing Interrogatory is so vague, ambiguous, argumentative, overly broad, unduly burdensome, and compound as to render it incapable of answer in its present form.**

**Without waiving the foregoing objections, and expressly reserving other objections which may be applicable to the Interrogatory, in the interest of furthering the discovery process, Plaintiff submits the following response:**

**None at this time. Plaintiff reserves the right to supplement his response in accordance with the local rules and the Court's pretrial orders.**

**INTERROGATORY NO. 5:**

Identify all documents that you contend support, refer, reflect or relate to Count One in

the Complaint.

**ANSWER:**

**Objection.**

**The foregoing Interrogatory is so vague, ambiguous, argumentative, overly broad, unduly burdensome, and compound as to render it incapable of answer in its present form.**

**Without waiving the foregoing objections, and expressly reserving other objections which may be applicable to the Interrogatory, in the interest of furthering the discovery process, Plaintiff submits the following response:**

**Please refer to the produced documents. Plaintiff reserves the right to supplement his response in accordance with the local rules and the Court's pretrial orders.**

**INTERROGATORY NO. 6:**

Identify all documents that you contend support, refer, reflect or relate to Count Two in

the Complaint.

**ANSWER:**

**Objection.**

**The foregoing Interrogatory is so vague, ambiguous, argumentative, overly broad, unduly burdensome, and compound as to render it incapable of answer in its present form.**

**Without waiving the foregoing objections, and expressly reserving other objections which may be applicable to the Interrogatory, in the interest of furthering the discovery process, Plaintiff submits the following response:**

**Please refer to the produced documents. Plaintiff reserves the right to supplement his response in accordance with the local rules and the Court's pretrial orders.**

**INTERROGATORY NO. 7:**

Identify all documents that you contend support, refer, reflect or relate to the Safety Complaints.

**ANSWER:**

**Objection.**

**The foregoing Interrogatory is so vague, ambiguous, argumentative, overly broad, unduly burdensome, and compound as to render it incapable of answer in its present form.**

**Without waiving the foregoing objections, and expressly reserving other objections which may be applicable to the Interrogatory, in the interest of furthering the discovery process, Plaintiff submits the following response:**

**Please refer to the produced documents. Plaintiff reserves the right to supplement his response in accordance with the local rules and the Court's pretrial orders.**

**INTERROGATORY NO. 8:**

State whether you kept any diaries, journals, calendars, day planners, organizers, notebooks, recordings, or any other documentation, either written or verbal, during your employment with Defendant or subsequent thereto.  If so, state the dates covered by the applicable documentation, the subject matter of the documentation, and the location of the

documentation.

**ANSWER:**

**Objection.**

**The foregoing Interrogatory is so vague, ambiguous, argumentative, overly broad, unduly burdensome, and compound as to render it incapable of answer in its present form.**

**Without waiving the foregoing objections, and expressly reserving other objections which may be applicable to the Interrogatory, in the interest of furthering the discovery process, Plaintiff submits the following response:**

**None.**

**INTERROGATORY NO. 9:**

If you have ever been a party or a witness to any administrative charge, lawsuit, or other legal proceeding, aside from this lawsuit, including any bankruptcy proceeding, please identify the name(s) of the parties, the court or agency in which the proceeding or charge was filed, the date it was filed, the subject of the charge or proceeding, and your role in the action.

**ANSWER:**

**Objection.**

**The foregoing Interrogatory is so vague, ambiguous, argumentative, overly broad, unduly burdensome, and compound as to render it incapable of answer in its present form.**

**Without waiving the foregoing objections, and expressly reserving other objections which may be applicable to the Interrogatory, in the interest of furthering the discovery process, Plaintiff submits the following response:**

**Plaintiff filed bankruptcy that was discharged around April 2012. Plaintiff reserves the right to supplement his response in accordance with the local rules and the Court's pretrial orders.**

**INTERROGATORY NO. 10:**

If you have ever been arrested or convicted of a criminal offense (including misdemeanors), for each such circumstance state the date of the arrest/conviction and the name

of the arresting/convicting entity.

**ANSWER:**

**Objection.**

**The foregoing Interrogatory is so vague, ambiguous, argumentative, overly broad, unduly burdensome, and compound as to render it incapable of answer in its present form.**

**Without waiving the foregoing objections, and expressly reserving other objections which may be applicable to the Interrogatory, in the interest of furthering the discovery process, Plaintiff submits the following response:**

**None.**

**INTERROGATORY NO. 11:**

Identify all persons whom you intend to call as witnesses at any trial or hearing of this action, and, for each, describe the expected subject matter of each person's testimony.

**ANSWER:**

**Objection.**

**The foregoing Interrogatory is so vague, ambiguous, argumentative, overly broad, unduly burdensome, and compound as to render it incapable of answer in its present form.**

**Without waiving the foregoing objections, and expressly reserving other objections which may be applicable to the Interrogatory, in the interest of furthering the discovery process, Plaintiff submits the following response:**

**Please refer to Plaintiff's response to Interrogatory No. 3. Plaintiff reserves the right to supplement his response in accordance with the local rules and the Court's pretrial orders.**

**INTERROGATORY NO. 12:**

Identify every employer, aside from Defendant, for whom you have worked from January 1, 2020 to the present (including any employers for whom you worked while employed by Defendant and those for whom you worked after Defendant), and for each such employer state your dates of employment, the position you held, the name, address and telephone number of the employer, and the reason for your termination, layoff, or resignation.

6

**ANSWER:**

Objection.

The foregoing Interrogatory is so vague, ambiguous, argumentative, overly broad, unduly burdensome, and compound as to render it incapable of answer in its present form.

Without waiving the foregoing objections, and expressly reserving other objections which may be applicable to the Interrogatory, in the interest of furthering the discovery process, Plaintiff submits the following response:

- **American Pan Co.; Supervisor; 1711 North Main Street, Mansfield, Ohio; $55,000/year; 9/20/21 – Present**

Plaintiff reserves the right to supplement his response in accordance with the local rules and the Court's pretrial orders.

**INTERROGATORY NO. 13:**

If you seek economic damages, describe <u>with specificity</u> any economic damage that you allege you have suffered as a result of the actions of Defendant, indicating the nature of the economic damage and your calculation of the amount of each item of economic damage.

**ANSWER:**

Objection.

The foregoing Interrogatory is so vague, ambiguous, argumentative, overly broad, unduly burdensome, and compound as to render it incapable of answer in its present form.

Without waiving the foregoing objections, and expressly reserving other objections which may be applicable to the Interrogatory, in the interest of furthering the discovery process, Plaintiff submits the following response:

Merritt was terminated on August 24, 2020. As a press operator, he earned $18.53/hour working approximately 32 hours per week (about $30,833.92 annually). Subsequent to his termination, Merritt was able to mitigate his damages on September 20, 2021, making approximately $55,000 annually. Lost wages to date are approximately $33,403.41. Total lost wages to be determined at trial.

Plaintiff will also pursue non-economic damages, including attorneys' fees and costs, at trial in this matter.

**INTERROGATORY NO. 14:**

If you seek non-economic damages, describe with specificity any non-economic damage

that you allege you have suffered as a result of the actions of Defendant, indicating the nature of

the non-economic damage and your calculation of the amount of each item of non-economic

damage.

**ANSWER:**

**Objection.**

**The foregoing Interrogatory is so vague, ambiguous, argumentative, overly broad, unduly burdensome, and compound as to render it incapable of answer in its present form.**

**Without waiving the foregoing objections, and expressly reserving other objections which may be applicable to the Interrogatory, in the interest of furthering the discovery process, Plaintiff submits the following response:**

**Please refer to Plaintiff's response to Interrogatory No. 13. Plaintiff reserves the right to supplement his response in accordance with the local rules and the Court's pretrial orders.**

**INTERROGATORY NO. 15:**

Describe with specificity any income, whether wages or 1099 income, you have earned

since January 1, 2020. The description should include the employer, entity, or individual making

the payment, the reason for the payment, and the identities of any employers.

**ANSWER:**

**Objection.**

**The foregoing Interrogatory is so vague, ambiguous, argumentative, overly broad, unduly burdensome, and compound as to render it incapable of answer in its present form.**

**Without waiving the foregoing objections, and expressly reserving other objections which may be applicable to the Interrogatory, in the interest of furthering the discovery process, Plaintiff submits the following response:**

**Please refer to Plaintiff's response to Interrogatory No. 13. Plaintiff reserves the right to supplement his response in accordance with the local rules and the Court's pretrial orders.**

**INTERROGATORY NO. 16:**

State whether you have employed or obtained or expect to use any person as an expert witness in this lawsuit.  If so, identify each person whom you expect to use as an expert witness, and describe the field of expertise in which each such expert witness is expected to testify, the qualifications of such expert witness, the substance of the facts and opinions to which each person named above as an expert witness is expected to testify, and provide a summary of the grounds for each opinion to be provided by each person named above as an expert witness.

**ANSWER:**

**Objection.**

**The foregoing Interrogatory seeks information that is protected by the work-product privilege. The foregoing Interrogatory seeks material prepared in anticipation of litigation. The foregoing Interrogatory calls for speculation, and therefore, is beyond the scope of Civ.R.34. The foregoing Interrogatory is premature. The foregoing Interrogatory is so vague, ambiguous, argumentative, overly broad, unduly burdensome, and compound as to render it incapable of answer in its present form. The foregoing Interrogatory calls for a narrative response that is inappropriate for an Interrogatory.**

**Without waiving the foregoing objections, and expressly reserving other objections which may be applicable to the Interrogatory, in the interest of furthering the discovery process, Plaintiff submits the following response:**

**Undetermined. Plaintiff will supplement in accordance with the local rules and the Court's pretrial orders.**

**INTERROGATORY NO. 17:**

If you seek non-economic damages, identify each doctor, psychiatrist, social worker, therapist, counselor, or health care provider whom you have consulted or received treatment from at any time for any mental pain or anguish and complete and sign a copy of the attached HIPAA Compliant Medical Release for each such medical or other professional.

**ANSWER:**

**Objection.**

9

The foregoing Interrogatory is so vague, ambiguous, argumentative, overly broad, unduly burdensome, and compound as to render it incapable of answer in its present form.

Without waiving the foregoing objections, and expressly reserving other objections which may be applicable to the Interrogatory, in the interest of furthering the discovery process, Plaintiff submits the following response:

None.

**INTERROGATORY NO. 18:**

Describe the efforts that you have taken to find alternative employment since January 1, 2020.

**ANSWER:**

Objection.

The foregoing Interrogatory is so vague, ambiguous, argumentative, overly broad, unduly burdensome, and compound as to render it incapable of answer in its present form.

Without waiving the foregoing objections, and expressly reserving other objections which may be applicable to the Interrogatory, in the interest of furthering the discovery process, Plaintiff submits the following response:

Plaintiff applied at various employers and was able to secure subsequent employment on or around September 20, 2021.

**INTERROGATORY NO. 19:**

Identify all employers that you applied for employment with, interviewed with, or were offered employment by since January 1, 2020.  The identification should include the date that the action took place, the name of the employer, and the position sought or offered.

**ANSWER:**

Objection.

The foregoing Interrogatory is so vague, ambiguous, argumentative, overly broad, unduly burdensome, and compound as to render it incapable of answer in its present form.

Without waiving the foregoing objections, and expressly reserving other objections which may be applicable to the Interrogatory, in the interest of furthering the discovery process, Plaintiff submits the following response:

Plaintiff does not recall. Plaintiff applied at various employers and was able to secure subsequent employment on or around September 20, 2021.


## REQUESTS FOR PRODUCTION OF DOCUMENTS

**REQUEST FOR PRODUCTION NO. 1:**

All documents that refer, reflect, or relate to your employment with Defendant, including your job duties and responsibilities, benefits and compensation, training or orientation, and any of your activities during the course of your employment with Defendant, or your separation from employment with Defendant.

**RESPONSE:**

Objection.

The foregoing Request is so vague, ambiguous, argumentative, overly broad, unduly burdensome, and compound as to render it incapable of answer in its present form.

Without waiving the foregoing objections, and expressly reserving other objections which may be applicable to the Request, in the interest of furthering the discovery process, Plaintiff submits the following response:

See produced documents. Plaintiff reserves the right to supplement his response in accordance with the local rules and the Court's pretrial orders.

**REQUEST FOR PRODUCTION NO. 2:**

All documents retained on your computer(s), electronic storage device (hard drive, pin drive, etc.) cellular-telephone(s), smartphone, and personal digital assistant(s) (e.g., Palm Pilot, BlackBerry, etc.), including, but not limited to, e-mails, instant messages, or text messages between you and any other person referring, reflecting or relating to your employment with Defendant, your separation from employment with Defendant, or the allegations contained in your Complaint.

**RESPONSE:**

**Objection.**

**The foregoing Request is so vague, ambiguous, argumentative, overly broad, unduly burdensome, and compound as to render it incapable of answer in its present form.**

**Without waiving the foregoing objections, and expressly reserving other objections which may be applicable to the Request, in the interest of furthering the discovery process, Plaintiff submits the following response:**

**None currently in Plaintiff's possession. Plaintiff reserves the right to supplement his response in accordance with the local rules and the Court's pretrial orders.**

**REQUEST FOR PRODUCTION NO. 3:**

Produce each and every calendar, journal, diary, notation, or any other document, including electronic documents and e-mails, in which you recorded information relating to Defendant, your employment with Defendant, any allegation in the Complaint, or any claimed item of damage.

**RESPONSE:**

**Objection.**

**The foregoing Request is so vague, ambiguous, argumentative, overly broad, unduly burdensome, and compound as to render it incapable of answer in its present form.**

Without waiving the foregoing objections, and expressly reserving other objections which may be applicable to the Request, in the interest of furthering the discovery process, Plaintiff submits the following response:

None.

**REQUEST FOR PRODUCTION NO. 4:**

All documents that you believe refer, reflect or relate to Count One in the Complaint.

**RESPONSE:**

Objection.

The foregoing Request is so vague, ambiguous, argumentative, overly broad, unduly burdensome, and compound as to render it incapable of answer in its present form.

Without waiving the foregoing objections, and expressly reserving other objections which may be applicable to the Request, in the interest of furthering the discovery process, Plaintiff submits the following response:

None currently in Plaintiff's possession. Plaintiff reserves the right to supplement his response in accordance with the local rules and the Court's pretrial orders.

**REQUEST FOR PRODUCTION NO. 5:**

All documents that you believe refer, reflect or relate to Count Two in the Complaint.

**RESPONSE:**

Objection.

The foregoing Request is so vague, ambiguous, argumentative, overly broad, unduly burdensome, and compound as to render it incapable of answer in its present form.

Without waiving the foregoing objections, and expressly reserving other objections which may be applicable to the Request, in the interest of furthering the discovery process, Plaintiff submits the following response:

None currently in Plaintiff's possession. Plaintiff reserves the right to supplement his response in accordance with the local rules and the Court's pretrial orders.

**REQUEST FOR PRODUCTION NO. 6:**

All documents that you believe refer, reflect or relate to the Safety Complaints.

**RESPONSE:**

**Objection.**

**The foregoing Request is so vague, ambiguous, argumentative, overly broad, unduly burdensome, and compound as to render it incapable of answer in its present form.**

**Without waiving the foregoing objections, and expressly reserving other objections which may be applicable to the Request, in the interest of furthering the discovery process, Plaintiff submits the following response:**

**None currently in Plaintiff's possession. Plaintiff reserves the right to supplement his response in accordance with the local rules and the Court's pretrial orders.**

**REQUEST FOR PRODUCTION NO. 7:**

Produce all documents that support refer, reflect or relate to any communications you have had with Shafer.

**RESPONSE:**

**Objection.**

**The foregoing Request is so vague, ambiguous, argumentative, overly broad, unduly burdensome, and compound as to render it incapable of answer in its present form.**

**Without waiving the foregoing objections, and expressly reserving other objections which may be applicable to the Request, in the interest of furthering the discovery process, Plaintiff submits the following response:**

**None currently in Plaintiff's possession. Plaintiff reserves the right to supplement his response in accordance with the local rules and the Court's pretrial orders.**

**REQUEST FOR PRODUCTION NO. 8:**

Produce all documents that support refer, reflect or relate to your communications with Oney.

**RESPONSE:**

**Objection.**

**The foregoing Request is so vague, ambiguous, argumentative, overly broad, unduly burdensome, and compound as to render it incapable of answer in its present form.**

**Without waiving the foregoing objections, and expressly reserving other objections which may be applicable to the Request, in the interest of furthering the discovery process, Plaintiff submits the following response:**

**None currently in Plaintiff's possession. Plaintiff reserves the right to supplement his response in accordance with the local rules and the Court's pretrial orders.**

**REQUEST FOR PRODUCTION NO. 9:**

All documents and communications referring, reflecting, or relating to communications you have had with Defendant's employees since your separation from employment with Defendant.

**RESPONSE:**

**Objection.**

**The foregoing Request is so vague, ambiguous, argumentative, overly broad, unduly burdensome, and compound as to render it incapable of answer in its present form.**

**Without waiving the foregoing objections, and expressly reserving other objections which may be applicable to the Request, in the interest of furthering the discovery process, Plaintiff submits the following response:**

**None. Plaintiff reserves the right to supplement his response in accordance with the local rules and the Court's pretrial orders.**

**REQUEST FOR PRODUCTION NO. 10:**

All declarations, affidavits, or sworn or unsworn statements from any individual you consider or believe to have knowledge relevant to the claims in your Complaint.

**RESPONSE:**

**Objection.**

**The foregoing Request is so vague, ambiguous, argumentative, overly broad, unduly burdensome, and compound as to render it incapable of answer in its present form.**

**Without waiving the foregoing objections, and expressly reserving other objections which may be applicable to the Request, in the interest of furthering the discovery process, Plaintiff submits the following response:**

**None at this time. Plaintiff reserves the right to supplement his response in accordance with the local rules and the Court's pretrial orders.**

## REQUEST FOR PRODUCTION NO. 11:

All documents or other tangible items that refer, reflect or relate to any efforts you have taken to secure employment or work since January 1, 2020, including but not limited to unemployment compensation applications and materials, employment applications, resumes and communications between you and prospective employers.

**RESPONSE:**

**Objection.**

**The foregoing Request is so vague, ambiguous, argumentative, overly broad, unduly burdensome, and compound as to render it incapable of answer in its present form.**

**Without waiving the foregoing objections, and expressly reserving other objections which may be applicable to the Request, in the interest of furthering the discovery process, Plaintiff submits the following response:**

**None currently in Plaintiff's possession. Plaintiff reserves the right to supplement his response in accordance with the local rules and the Court's pretrial orders.**

## REQUEST FOR PRODUCTION NO. 12:

All documents that refer, reflect or relate to the amount and source of income received by or accruing to you from January 1, 2020, through the conclusion of this lawsuit, including, but not limited to, federal and state income tax returns, W-2 forms, payroll check stubs, bank deposit slips, bank statements, unemployment and workers' compensation documents, and state or federal welfare or disability benefits documents.

**RESPONSE:**

**Objection.**

The foregoing Request is so vague, ambiguous, argumentative, overly broad, unduly burdensome, and compound as to render it incapable of answer in its present form.

Without waiving the foregoing objections, and expressly reserving other objections which may be applicable to the Request, in the interest of furthering the discovery process, Plaintiff submits the following response:

See produced documents. Plaintiff reserves the right to supplement his response in accordance with the local rules and the Court's pretrial orders.

**REQUEST FOR PRODUCTION NO. 13:**

All documents which refer, reflect or relate to each item of damages that you allege was caused by the actions of Defendant, or any of Defendant's agents, including, without limitation, any documents concerning attorneys' fees for this action.

**RESPONSE:**

Objection.

The foregoing Request is so vague, ambiguous, argumentative, overly broad, unduly burdensome, and compound as to render it incapable of answer in its present form.

Without waiving the foregoing objections, and expressly reserving other objections which may be applicable to the Request, in the interest of furthering the discovery process, Plaintiff submits the following response:

See produced documents. Plaintiff reserves the right to supplement his response in accordance with the local rules and the Court's pretrial orders.

**REQUEST FOR PRODUCTION NO. 14:**

All documents you have transmitted to or received from any federal, state or local governmental or administrative entity, that refer, reflect or relate to Defendant, any allegation in the Complaint, or any claimed item of damage.

**RESPONSE:**

Objection.

The foregoing Request is so vague, ambiguous, argumentative, overly broad, unduly burdensome, and compound as to render it incapable of answer in its present form.

Without waiving the foregoing objections, and expressly reserving other objections which may be applicable to the Request, in the interest of furthering the discovery process, Plaintiff submits the following response:

See produced documents. Plaintiff reserves the right to supplement his response in accordance with the local rules and the Court's pretrial orders.

**REQUEST FOR PRODUCTION NO. 15:**

All documents that you receive in response to any subpoena that you issue in this case.

**RESPONSE:**

Objection.

The foregoing Request is so vague, ambiguous, argumentative, overly broad, unduly burdensome, and compound as to render it incapable of answer in its present form.

Without waiving the foregoing objections, and expressly reserving other objections which may be applicable to the Request, in the interest of furthering the discovery process, Plaintiff submits the following response:

None at this time. Plaintiff reserves the right to supplement his response in accordance with the local rules and the Court's pretrial orders.

**REQUEST FOR PRODUCTION NO. 16:**

All documents that refer or relate to any other charges, complaints, lawsuits, or other legal proceedings that you have filed, or in which you have ever been involved, including, but not limited to, any document(s) indicating the identity of your attorney(s) in that matter, the attorney(s) for the opposing parties in that matter, any pleadings or other documents filed with the Court in that matter and any deposition transcripts in that matter.

**RESPONSE:**

Objection.

The foregoing Request is so vague, ambiguous, argumentative, overly broad, unduly burdensome, and compound as to render it incapable of answer in its present form.

**Without waiving the foregoing objections, and expressly reserving other objections which may be applicable to the Request, in the interest of furthering the discovery process, Plaintiff submits the following response:**

**None currently in Plaintiff's possession. Plaintiff reserves the right to supplement his response in accordance with the local rules and the Court's pretrial orders.**

**REQUEST FOR PRODUCTION NO. 17:**

All documents that refer, reflect, or relate to any prior criminal conviction or criminal record including, but not limited to, any document(s) indicating the type of offense committed, any pleadings or other documents filed with the Court in that matter, and any document indicating any fine or prison sentence entered against you.

**RESPONSE:**

**Objection.**

**The foregoing Request is so vague, ambiguous, argumentative, overly broad, unduly burdensome, and compound as to render it incapable of answer in its present form.**

**Without waiving the foregoing objections, and expressly reserving other objections which may be applicable to the Request, in the interest of furthering the discovery process, Plaintiff submits the following response:**

**None.**

**REQUEST FOR PRODUCTION NO. 18:**

All documents sent to or received from any experts for purposes of or related to this action, including, but not limited to, expert reports, opinion letters, or any documents reviewed or relied upon by the experts.

**RESPONSE:**

**Objection.**

**The foregoing Request seeks information that is protected by the work-product privilege. The foregoing Request seeks material prepared in anticipation of litigation. The foregoing Request calls for speculation, and therefore, is beyond the scope of Civ.R.34. The foregoing Request is**

premature. The foregoing Request is so vague, ambiguous, argumentative, overly broad, unduly burdensome, and compound as to render it incapable of answer in its present form. The foregoing Request calls for a narrative response that is inappropriate for an Request.

Without waiving the foregoing objections, and expressly reserving other objections which may be applicable to the Request, in the interest of furthering the discovery process, Plaintiff submits the following response:

Undetermined. Plaintiff will supplement in accordance with the local rules and the Court's pretrial orders.

**REQUEST FOR PRODUCTION NO. 19:**

For each expert witness you have retained in connection with this action, such witness's curriculum vitae.

**RESPONSE:**

Objection.

The foregoing Request seeks information that is protected by the work-product privilege. The foregoing Request seeks material prepared in anticipation of litigation. The foregoing Request calls for speculation, and therefore, is beyond the scope of Civ.R.34. The foregoing Request is premature. The foregoing Request is so vague, ambiguous, argumentative, overly broad, unduly burdensome, and compound as to render it incapable of answer in its present form. The foregoing Request calls for a narrative response that is inappropriate for an Request.

Without waiving the foregoing objections, and expressly reserving other objections which may be applicable to the Request, in the interest of furthering the discovery process, Plaintiff submits the following response:

Undetermined. Plaintiff will supplement in accordance with the local rules and the Court's pretrial orders.

**REQUEST FOR PRODUCTION NO. 20:**

All documents that you intend to introduce as exhibits at trial or depositions in this case, or that you intend to use as exhibits to any motion filed in this action.

**RESPONSE:**

Objection.

The foregoing Request is so vague, ambiguous, argumentative, overly broad, unduly burdensome, and compound as to render it incapable of answer in its present form.

20

**Without waiving the foregoing objections, and expressly reserving other objections which may be applicable to the Request, in the interest of furthering the discovery process, Plaintiff submits the following response:**

**See produced documents and documents produced by Defendant. Plaintiff reserves the right to supplement his response in accordance with the local rules and the Court's pretrial orders.**

**REQUEST FOR PRODUCTION NO. 21:**

All documents that Plaintiff identified in response to Defendant's Interrogatories that have not been produced in response to any other document request stated herein.

**RESPONSE:**

**Objection.**

**The foregoing Request is so vague, ambiguous, argumentative, overly broad, unduly burdensome, and compound as to render it incapable of answer in its present form.**

**Without waiving the foregoing objections, and expressly reserving other objections which may be applicable to the Request, in the interest of furthering the discovery process, Plaintiff submits the following response:**

**All relevant documents in Plaintiff's possession have been produced. Plaintiff reserves the right to supplement his response in accordance with the local rules and the Court's pretrial orders.**

**REQUEST FOR PRODUCTION NO. 22:**

All documents that Plaintiff reviewed or relied on in answering Defendant's Interrogatories that have not been produced in response to any other document request stated herein.

**RESPONSE:**

**Objection.**

**The foregoing Request is so vague, ambiguous, argumentative, overly broad, unduly burdensome, and compound as to render it incapable of answer in its present form.**

21

Without waiving the foregoing objections, and expressly reserving other objections which may be applicable to the Request, in the interest of furthering the discovery process, Plaintiff submits the following response:

See produced documents. Plaintiff reserves the right to supplement his response in accordance with the local rules and the Court's pretrial orders.

**REQUEST FOR PRODUCTION NO. 23:**

All documents that Plaintiff relied upon in denying any of Defendant's Admissions that have not been produced in response to any other document request stated herein.

**RESPONSE:**

Objection.

The foregoing Request is so vague, ambiguous, argumentative, overly broad, unduly burdensome, and compound as to render it incapable of answer in its present form.

Without waiving the foregoing objections, and expressly reserving other objections which may be applicable to the Request, in the interest of furthering the discovery process, Plaintiff submits the following response:

None currently in Plaintiff's possession. Plaintiff reserves the right to supplement his response in accordance with the local rules and the Court's pretrial orders.

**REQUEST FOR PRODUCTION NO. 24:**

All documents that refer, reflect, or relate to any emotional harm that you allege was caused by Defendant's actions.

**RESPONSE:**

Objection.

The foregoing Request is so vague, ambiguous, argumentative, overly broad, unduly burdensome, and compound as to render it incapable of answer in its present form.

Without waiving the foregoing objections, and expressly reserving other objections which may be applicable to the Request, in the interest of furthering the discovery process, Plaintiff submits the following response:

None currently in Plaintiff's possession. Plaintiff reserves the right to supplement his response in accordance with the local rules and the Court's pretrial orders.

**REQUEST FOR PRODUCTION NO. 25:**

All documents and communications referring, reflecting, or relating to any t-shirts, letters, or other property/documents that you directly or indirectly created, ordered, or planned with respect to Shafer.

**RESPONSE:**

**Objection.**

**The foregoing Request is so vague, ambiguous, argumentative, overly broad, unduly burdensome, and compound as to render it incapable of answer in its present form.**

**Without waiving the foregoing objections, and expressly reserving other objections which may be applicable to the Request, in the interest of furthering the discovery process, Plaintiff submits the following response:**

**None.**

**REQUEST FOR PRODUCTION NO. 26:**

All documents and communications referring, reflecting, or relating to any unemployment benefits that you received in 2020 or 2021.

**RESPONSE:**

**Objection.**

**The foregoing Request is so vague, ambiguous, argumentative, overly broad, unduly burdensome, and compound as to render it incapable of answer in its present form.**

**Without waiving the foregoing objections, and expressly reserving other objections which may be applicable to the Request, in the interest of furthering the discovery process, Plaintiff submits the following response:**

**See produced documents. Plaintiff reserves the right to supplement his response in accordance with the local rules and the Court's pretrial orders.**

## REQUEST FOR ADMISSIONS

**REQUEST FOR ADMISSION NO. 1**

Admit that Defendant's written policies prohibited discrimination.

**ANSWER:**

**Denied for lack of knowledge as Plaintiff is unaware of what policies Defendant is referring to and does not have a copy of said policies.**

**REQUEST FOR ADMISSION NO. 2**

Admit that Defendant's written policies prohibited harassment.

**ANSWER:**

**Denied for lack of knowledge as Plaintiff is unaware of what policies Defendant is referring to and does not have a copy of said policies.**

**REQUEST FOR ADMISSION NO. 3**

Admit that Defendant's written policies provided you with complaint procedures.

**ANSWER:**

**Denied for lack of knowledge as Plaintiff is unaware of what policies Defendant is referring to and does not have a copy of said policies.**

**REQUEST FOR ADMISSION NO. 4**

Admit that Defendant's written policies required employees to wear safety glasses while

operating the grinder.

**ANSWER:**

**Denied for lack of knowledge as to a written policy. Further answering, Plaintiff admits his understanding that safety glasses were required while operating the grinder.**

**REQUEST FOR ADMISSION NO. 5**

Admit that you did not have access to Shafer's disciplinary file.

**ANSWER:**

**Admit.**

24

**REQUEST FOR ADMISSION NO. 6**

Admit that Defendant's policies prohibited employees from lying during Defendant's workplace investigations.

**ANSWER:**

**Denied for lack of knowledge as Plaintiff is unaware of what policies Defendant is referring to and does not have a copy of said policies.**

**REQUEST FOR ADMISSION NO. 7**

Admit that your complaints regarding the wearing of safety glasses were intended to protect the workplace.

**ANSWER:**

**Admit.**

**REQUEST FOR ADMISSION NO. 8**

Admit that you presented your complaints regarding the wearing of safety glasses on behalf of all of Defendant's employees.

**ANSWER:**

**Admit.**

**REQUEST FOR ADMISSION NO. 9**

Admit that safety is a term and condition of employment with Defendant.

**ANSWER:**

**Objection, the foregoing Request for Admission is vague or ambiguous in the phrase "term and condition." Further answering, Plaintiff admits that safety was an expected condition of employment that should have been followed.**

**REQUEST FOR ADMISSION NO. 10**

Admit that you believed that wearing safety glasses while grinding was a reasonable and appropriate workplace rule.

**ANSWER:**

**Admit.**

**REQUEST FOR ADMISSION NO. 11**

Admit that you and Oney created a t-shirt that was provided to Shafer.

**ANSWER:**

**Denied.**

**REQUEST FOR ADMISSION NO. 12**

Admit that you and Oney drafted a letter to send to Shafer.

**ANSWER:**

**Denied.**

**REQUEST FOR ADMISSION NO. 13**

Admit that Oney was also discharged.

**ANSWER:**

**Objection, the foregoing Request for Admission is vague or ambiguous as to the time frame. Further answering, Plaintiff admits his belief that Oney was discharged from his employment at some point.**

**REQUEST FOR ADMISSION NO. 14**

Admit that Oney is younger than you.

**ANSWER:**

**Objection, the foregoing Request for Admission calls for speculation. Further answering, Plaintiff admits his belief that Oney is younger than him.**

**REQUEST FOR ADMISSION NO. 15**

Admit that Oney was discharged for good cause.

**ANSWER:**

**Objection, the foregoing Request for Admission calls for speculation. Further answering,**

**Plaintiff denies for lack of knowledge.**

**REQUEST FOR ADMISSION NO. 16**

Admit that any employee would have been discharged for lying during a workplace investigation conducted by Defendant.

**ANSWER:**

**Objection, the foregoing Request for Admission calls for speculation. Further answering, Plaintiff denies for lack of knowledge as to whether Defendant would terminate "any employee" for "lying."**

**REQUEST FOR ADMISSION NO. 17**

Admit that any employee would have been discharged for harassing a co-worker.

**ANSWER:**

**Objection, the foregoing Request for Admission calls for speculation. Further answering, Plaintiff denies for lack of knowledge as to whether Defendant would terminate "any employee" for "harassing a coworker."**

**REQUEST FOR ADMISSION NO. 18**

Admit that you did not supervise Shafter.

**ANSWER:**

**Admit.**

**REQUEST FOR ADMISSION NO. 19**

Admit that you were discharged for good cause.

**ANSWER:**

**Denied.**

**REQUEST FOR ADMISSION NO. 20**

Admit that you presented the Safety Complaints throughout your tenure with Defendant.

**ANSWER:**

**Admit.**

**REQUEST FOR ADMISSION NO. 21**

Admit that you were hired by Defendant on multiple occasions.

**ANSWER:**

**Admit.**

Respectfully Submitted,

*/s/ Fred M. Bean*

Fred M. Bean (0086756)
Taurean J. Shattuck (0097364)
**SPITZ, THE EMPLOYEE'S LAW FIRM**
25825 Science Park Drive, Suite 200
Beachwood, OH 44122
Phone: (216) 291-4744
Fax:    (216) 291-5744
Email: Fred.Bean@SpitzLawFirm.com
          Taurean.Shattuck@SpitzLawFirm.com

*Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

The undersigned herby certifies that on the 18th day of April, 2022, a true and accurate copy of foregoing was served via electronic mail on Defendant's counsel.

*/s/ Fred M. Bean*

Fred M. Bean (0086756)
Taurean J. Shattuck (0097364)
**SPITZ, THE EMPLOYEE'S LAW FIRM**

28