IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DALE MERRITT | ) | CASE NO.: 1:21-CV-01978-JG |
| | ) | |
| Plaintiff, | ) | JUDGE: JAMES S. GWIN |
| | ) | |
| v. | ) | **PLAINTIFF'S BRIEF IN OPPOSITION** |
| | ) | **TO DEFENDANT'S MOTION FOR** |
| GB MANUFACTURING COMPANY | ) | **SUMMARY JUDGMENT** |
| | ) | |
| Defendant. | ) | |

## I.   STATEMENT OF ISSUES

1. **Whether Plaintiff established a factual dispute that he was treated differently from similarly situated employees outside the protected class?**

2. **Whether Plaintiff established a factual dispute that Defendant's reason for termination was pretextual?**

3. **Whether the National Labor Relations Act ("NLRA") preempts Plaintiff's Wrongful Termination in Violation of Public Policy?**

4. **Whether OSHA provides an adequate remedy preempting Plaintiff's Wrongful Termination in Violation of Public Policy?**

5. **Whether Plaintiff established a factual dispute that Plaintiff's safety complaints caused his termination?**

## II.   SUMMARY OF ARGUMENTS

Plaintiff Dale Merritt worked for Defendant GB Manufacturing Company for approximately 20 years with only a couple low-level discipline issues over the many years of his employment, until he voiced concerns about his coworker's safety violations. As a manufacturer, safety was supposed to be the number one issue for Defendant because violations of Defendant's safety policy put all of Defendant's employees at risk, which is why safety was Defendant's number one focus. However, here, Defendant failed to take sufficient corrective action against

1

Merritt's coworker, David Shafer, for safety violations, because the coworker was the plant manager's brother who was also younger than Merritt.

Indeed, despite numerous violations of Defendant's safety policies, Defendant failed to take any material corrective action against David Shafer. Conversely, when someone left a t-shirt, sunglasses, pen, and handwritten note on David Shafer's work-station, Defendant terminated Merritt's employment despite Merritt's unequivocal denial of being involved. Thus, not only is there a question of fact regarding Merritt's alleged conduct, but also a question of fact regarding the dissimilar treatment by Defendant as to Merritt, and his similarly-situated coworker, Shafer. Likewise, after Merritt's safety complaints, Defendant did not conduct any investigation and did not terminate Shafer's employment. Instead, Merritt's complaint led to his own termination. Thus, as detailed herein, there are simply far too many genuine issues of material fact to allow summary judgment, and therefore, Defendant's motion should be denied.

Separately, while Defendant's NLRA preemption argument is meritless because Defendant fails to recognize that a requirement of a public policy claim in Ohio related to workplace safety is that the complaints cannot be self-serving, but involve safety issues for others. Additionally, Defendant's employee handbook *specifically discourages unions and union activity*, and therefore Defendant's concerted activity argument fails. Stated another way, Merritt's safety complaints have absolutely nothing to do with any union-related concerted activity so the NLRA does even come into the picture.

Finally, Defendant's OSHA preemption argument fails according to Ohio law. Several Ohio courts, including the Northern District of Ohio and the Ohio Supreme Court, have held that Ohio's public policy favoring workplace safety allows for and independent basis upon which a case may be brought. Thus, Defendant's position is without merit.

### III.  STATEMENT OF FACTS

Merritt began his employment with Defendant's predecessor in 1993.[1] Between 1993 and 2020, Merritt worked for Defendant and its predecessor three separate times.[2] Although Defendant is a manufacturer, they do not permit unions.[3] In fact, Defendant has a section in its employee handbook dedicated to how it feels about unions.[4] As Defendant did not allow unions, Merritt was not part of a union.[5]

Merritt's final tenure of employment with Defendant was from 2016 until he was terminated in 2020.[6] During his entire span of employment, Merritt only had a few low level discipline issues, none of which related in any way to this termination.[7]

In its facilities, Defendant's employees are required to wear safety glasses when on the manufacturing floor.[8] Wearing safety glasses is especially important when operating Defendant's machinery, such as when operating the grinder.[9] As a manufacturer, safety is the number one issue and priority.[10] During his employment, Merritt lodged safety complaints to Defendant.[11] Merritt complained multiple times that his coworker David Shafer failed to wear his safety glasses at work and even operated a grinder without his safety glasses.[12] David Shafer was the brother of the plant manager, Scott Shafer.[13] These complaints took place over a three-month period.[14]

---

[1] Merritt Depo. @ 21 (Excerpts from Merritt's Deposition have been attached hereto as Exhibit 1).
[2] *Id.* @ 22-23.
[3] Schaffer Depo. @ 20 (Excerpts from Shafer's Deposition have been attached hereto as Exhibit 2).
[4] *Id.* @ 20.
[5] Merritt Depo. @ 24.
[6] *Id.* @ 12 and 24.
[7] *Id.* @ 27.
[8] *Id.* @ 30; Schaffer Depo. @ 18.
[9] Merritt Depo. @ 30.
[10] Schaffer Depo. @ 16.
[11] Merritt Depo. @ 69.
[12] *Id.* @ 29-30.
[13] *Id.* @ 28, 35.
[14] *Id.* @ 69.

On August 17, 2020, a tube which contained a t-shirt, sunglasses, a pen, and a handwritten note were left at David Shafer's work-station. Defendant conducted an investigation into the responsible party for the t-shirt, sunglasses, pen, and handwritten note. Merritt was one of the employees Defendant interviewed.[15] During that interview, Merritt reiterated and detailed his safety complaints against David Shafer.[16] Moreover, Merritt denied any involvement with the tube or its contents.[17] During the investigation, multiple employees were suspected of involvement, including Merritt, Andrew Oney, and Tim Sheperd.[18] Further investigation revealed that Oney ordered and picked up the t-shirt that was provided to David Shafer.[19] Defendant terminated Oney's employment for harassment and lying during the investigation.[20] Prior to his termination, Oney accused Merritt[21] and Sheperd of being involved in the ideas for the t-shirt, sunglasses, pen, and handwritten note.[22] Despite this accusation being unfounded, Defendant terminated Merritt's employment on August 24, 2020.[23] Defendant did not terminate Sheperd, a younger employee who had not made any safety complaints about David Shafer.[24]

At the time of his termination, Merritt was 52 years old.[25] During his employment and leading up to his termination, there were comments made about Merritt's age in relation to his employment from the plant manager.[26]

---

[15] *Id.* @ 52-53.
[16] *Id.* @ 73.
[17] *Id.* @ 57-58.
[18] *Id.* @ 64.
[19] *Id.* @ 46-47.
[20] *Id.* @ 48; Merritt Depo. Exhibit 4.
[21] Merritt Depo. @ 58.
[22] Exhibit 3.
[23] Merritt Depo. @ 24.
[24] Exhibit 4.
[25] Merritt Depo. @ 33.
[26] *Id.* @ 33-34.

## IV.  SUMMARY JUDGMENT STANDARD

The moving party bears the initial burden of informing the district court of the basis for its motion.[27] Only if the moving party meets its initial burden does the burden then shift to the non-moving party who "must set forth specific facts showing that there is a genuine issue for trial."[28] Summary judgment shall be denied "[i]f there are ...'genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party.'"[29] **A court must assume as true the evidence of the nonmoving party and draw all *reasonable* inferences in the favor of that party.**[30] Finally, if the parties present conflicting evidence, a court may not decide which evidence to believe, by determining which parties' affiants are more credible; rather, credibility determinations must be left to the fact-finder.[31]

## V.  A GENUINE ISSUE OF FACT REMAINS AS TO MERRITT'S WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY CLAIM.

### A.  Prima Facie Case.

To establish a prima facie case for wrongful termination in violation of public policy, Merritt must raise a question of fact regarding: (1) the existence of a clear public policy sufficient to justify an exception to the employment-at-will doctrine that is manifested in a state or federal constitution, statute, administrative regulation, or common law (the "clarity" element); (2) that the dismissal of employees under circumstances like those involved in the plaintiff's dismissal would jeopardize the public policy (the "jeopardy" element); (3) that the plaintiff's dismissal was motivated by conduct related to the public policy (the "causation" element); and (4) that the

---

[27] *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548 (1986).

[28] *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250, 106 S.Ct. 2505 (1986).

[29] *Hancock v. Dodson,* 958 F.2d 1367, 1374 (6th Cir.1992). (**Emphasis** added).

[30] *Anderson,* 477 U.S. at 255, 106 S.Ct. 2505.

[31] *Id.*

employer lacked overriding legitimate business justification for the dismissal (the "overriding justification" element).[32] The first two elements, "the clarity and jeopardy elements [of the tort of wrongful discharge] are questions of law to be determined by the court."[33] The causation and overriding-justification elements are questions of fact for the trier-of-fact.[34]

In the present matter, Defendant concedes the first and fourth element of Merritt's wrongful termination in violation of public policy claim.

### B.  OSHA Does Not Create A Private Cause Of Action And Is Insufficient To Protect Ohio's Public Policy Designed To Ensure A Safe Workplace.

Merritt's jeopardy element is met in this matter because the statute and caselaw that establish this public policy do not contain their own remedies. As the Ohio Supreme Court explained in *Wiles v. Medina Auto Parts*:

> If the statute that establishes the public policy contains its own remedies, it is less likely that tort liability is necessary to prevent dismissals from interfering with realizing the statutory policy." 2 Perritt at 71, Section 7.26. Simply put, there is no need to recognize a common-law action for wrongful discharge if there already exists a statutory remedy that adequately protects society's interests. * * * In that situation, the public policy expressed in the statute would not be jeopardized by the absence of a common-law wrongful-discharge action in tort because an aggrieved employee has an alternate means of vindicating his or her statutory rights and thereby discouraging an employer from engaging in the unlawful conduct.[35]

Here, the public policy asserted by Merritt is established through R.C. §§ 4101.11 & 4101.12, and through *Pytlinski v. Brocar Prod., Inc.*, 94 Ohio St. 3d 77 (Ohio 2002).[36] Although Defendant baldly asserts that the jeopardy element is not met, Defendant does not support this

---

[32] *Zajc v. Hycomp, Inc.*, 172 Ohio App.3d 117, 873 N.E.2d 337 (8th Dist. 2007); *Collins v. Rizkana* (1995), 73 Ohio St.3d 65, 69–70, 652 N.E.2d 653; *Painter v. Graley,* 70 Ohio St.3d 377, 639 N.E.2d 51.
[33] *Collins v. Rizkana,* 73 Ohio St.3d at 70, 652 N.E.2d 653.
[34] *Id.*
[35] 96 Ohio St.3d 240, 244 (Ohio 2002).
[36] The workplace safety public policy is also established through *Blackburn v. Am. Dental Ctrs.*, 22 N.E.3d 1149 (10th Dist. 2014); *Lightner v. CB&I Constructors, Inc.*, 2016 WL 6693548 (S.D. Ohio Nov. 14, 2016); *Hucke v. Marriott Hotel Services, Inc.*, 2008 WL 11352589 (S.D. Ohio 2008); *Kickler v. Brooklyn*, 149 Ohio App.3d 97, 104 (8th Dist. 2002); *Conway v. Euclid Chemical Co.*, 2005-Ohio-3843, 2005 WL 1792352 (8th Dist. July 28, 2005); and *McKinley v. Standby Screw Machine Products Co.*, 18 IER Cases 1500, 2002-Ohio-3112, 2002 WL 1348537, at *4 (8th Dist. June 20, 2002).

position with any evidence or precedent that Merritt has a remedy outside of the public policy claim. To be sure, there is no such statutory remedy. To start, R.C. §§ 41101.11 & 41101.12 do not contain remedy provisions for individuals whose employment is terminated for making these complaints.[37] Moreover, as held by the Ohio Supreme Court in *Pytlinski*, "Ohio public policy favoring workplace safety is an independent basis upon which a cause of action for wrongful discharge in violation of public policy may be prosecuted. … his cause of action is not based upon statute, but is, based in common law for violation of public policy."[38] Notably, *Pytlinski* did not establish any remedies for this claim. As there are no remedies in any statute or caselaw for this claim, the jeopardy element is established.

On point, the United States District Court for the Southern District of Ohio in *Lightner v. CB&I Constructors, Inc.*, 2016 WL 6693548 (S.D. Ohio 2016) ruled, "Because *Pytlinski* provides for a standalone cause of action for wrongful discharge full stop, the Court finds that Plaintiff has met the jeopardy element, and thus, **DENIES** Defendant's motion as to Plaintiff's claim of wrongful discharge in contravention of public policy."[39] As Merritt's public policy claim is based on *Pytlinski*, as well as other Ohio public policies, none of which provide a legal remedy to Merritt, the jeopardy element is met.

### C.  Merritt's Safety Complaints Were The But-For Cause Of His Termination.

Because the Ohio Supreme Court in *Collins* held "[t]he jury decides factual issues relating to causation and overriding justification,"[40] the Court need not analyze these elements in order to deny summary judgment. However, to the extent the Court decides to do so, the causation element is

---

[37] R.C. § 4101.99.
[38] 94 Ohio St.3d 77, 80.
[39] *Lightner*, 2016 WL 6693548, at * 10.
[40] *Collins*, 73 Ohio St.3d 65, at 70.

analyzed similar to the causation element of retaliation claims.[41] To that end, *Wholf* applies, and Merritt is not required to conclusively prove this element at the prima facie stage.[42]

A causal connection can be shown through direct evidence or through knowledge coupled with a closeness in time that creates an inference of causation.[43] Ohio courts have held that temporal proximity alone is sufficient to establish the causation element.[44] In *Clark City School District v. Breeden*[45], the Supreme Court held in part that in cases involving temporal proximity, "cases that accept mere temporal proximity between an employer's knowledge of [the] protected activity and an adverse employment action as sufficient evidence of causality to establish a prima facie case uniformly hold that the temporal proximity must be 'very close'." Temporal proximity as evidence of causation has been a precedent has been consistently applied by courts throughout the state of Ohio.[46] Close temporal proximity between the employer's knowledge of the protected activity and the adverse employment action **alone may be significant enough to constitute evidence of a causal connection**.[47] Only if close temporal proximity is lacking does the plaintiff need to present additional evidence of retaliation in order to prevent summary judgment.[48] On point, in *Thatcher v. Goodwill Industries of Akron*, the Ninth District Court of Appeals held that a "three-week interval" between the protected activity and the adverse employment action was sufficiently "close" to constitute evidence

---

[41] *Whitaker*, 2013 WL 4792860, at *7-8.

[42] 26 N.E.3d 902, 2015 Ohio 171.

[43] *Nguyen v. Cleveland*, 229 F.3d 559, 566 (6th Cir. 2000); *Meyers v. Goodrich Corporation*, 2011 Ohio 3261 (8th Dist. 2011).

[44] *See, Ningard v. Shin Etsu Silicones*, 2009-Ohio-3171, 2009 Ohio App. LEXIS 2704, *and Thatcher v. Goodwill Industries,* 117 Ohio App. 3d 525 (court held three weeks is sufficient for causation), *Payton v. Receivables Outsourcing, Inc.* 163 Ohio App. 3d, 2005-Ohio-4978 (sexual harassment complaint closely followed by adverse employment action sufficient for causation).

[45] *Clark Cty. School Dist. v. Breeden* (2001), 532 U.S. 268, 273, 121 S.Ct. 1508, 149 L. Ed. 2d 509. 2010-Ohio-5657, *P45; 2010 Ohio App. LEXIS 4774, **12

[46] *See also, Dover v. Carmeuse Natural Chemicals,* 2010-Ohio-5567, *Zechar v. Ohio Department of Education,* 121 Ohio Misc. 2d 52; 2002-Ohio-6873, *Moscato v. Ohio State University,* 2013-Ohio-3631; *Kosut v. First Energy Club*, 2013-Ohio-2876; 2013 Ohio App. LEXIS 2918, *Payton v. Receivables Outsourcing, Inc.* 163 Ohio App. 3d 722, 2005-Ohio-4978, *Thatcher v. Goodwill Industries,* 117 Ohio App. 3d 525, 690 N.E.2d 1320.

[47] *Clark Cty. School Dist. v. Breeden*, 532 U.S. 268, 273, 121 S. Ct. 1508 (2001) (**Emphasis** added).

[48] *Mickey v. Zeidler Tool & Die Co.*, 516 F.3d 516, 525 (6th Cir. 2008).

of a causal connection, without additional evidence.[49] Moreover, the causal connection can also be established, even if the temporal connection is lacking, via direct evidence of a causal relationship between the protected activity and the adverse employment action.[50]

In *Zechar v. Ohio Dep't of Education*, the Ohio Court of Claims held that for the element of causation, that when there is an adverse employment action in close proximity to the protected activity, "a prima facie case requires only a minimal showing before shifting the burden to the employer to explain an adverse employment action."[51] Moreover, in *Dover v. Carmeuse Natural Chemicals,* the Fifth District Court of Appeals, in its decision to overturn the motion for summary judgment, held that "evidence may be offered in support of an inference of retaliatory motive may include a showing that the exercise of the protected conduct was closely followed by the adverse employment action…"[52] In *Dover,* the court held that the plaintiff's termination within two and a half months after he filed a worker's compensation claim, "at the very least, minimal circumstantial evidence of a causal link."[53]

Here, Merritt made his safety complaints within three months of his termination. Likewise, during that time, there were no other intervening events (i.e. any disciplinary action), between the period of time Merritt raised these safety complaints and his termination. This evidence presents a genuine issue of material fact the jury to consider at trial. Moreover, even separate from the timing of his complaints, the causal connection between Merritt's complaints and his termination is established by the fact that his termination occurred **immediately** after he was interviewed about his safety complaints against Shafer. Indeed, it is undisputed that in addition Oney (who confessed

---

[49] 117 Ohio App.3d 525, 535, 690 N.E.2d 1320 (9th Dist. 1997). *See also Payton v. Receivables Outsourcing, Inc.*, 163 Ohio App. 3d 722, 2005 Ohio 4978 , 840 N.E.2d 236 (8th Dist.); *Kosut v. First Energy Corp.*, 2013 Ohio 2876, ¶ 52-53 (7th Dist.).
[50] *See Burchett v. E. Liverpool Dodge Chrysler Plymouth*, 2002 Ohio 3045, ¶ 16-17 (7th Dist.).
[51] 121 Ohio Mis. 2d 52, 2002-Ohio-6873, 782 N.E. 2d 163.
[52] *Dover v. Carmeuse Natural Chems.* 2010-Ohio-5657; 2010 Ohio App. LEXIS 4774.
[53] *Id.*

to the alleged misconduct regarding the tube contents), Defendant accused Merritt and Sheperd of being involved, yet, only terminated Merritt, who denies any misconduct, yet happened to be the only employee out of the two who complained about safety violations. This additional evidence precludes summary judgment.

### D. The National Labor Relations Act Does Not Preempt Merritt's *Greeley* Claim.

In its Motion, Defendant argues that Merritt's public policy claim fails because it is preempted by the NLRA, citing to *San Diego Building Trades Council v. Garmon*, 359 U.S. 236 244-47 (1959). In *Garmon*, the Supreme Court held that, "[w]hen an activity is arguably subject to § 7 or § 8 of the [NLRA], the States as well as the federal courts must defer to the exclusive competence of the National Labor Relations Board if the danger of state interference with national policy is to be averted."[54] However, § 7 of the NLRA involves union activities ("Employees shall have the right to … join or assist labor organizations") and § 8 of the NLRA prohibits an employer for discharging an employee for his union activities.[55]

As Defendant's Motion points out, employees do not always need to be part of a union to be protected under the NLRA.[56] However, for an individual to be engaged in concerted activity under the NLRA, that employee's complaints "must be made on behalf of other employees or at least be made with the object of **inducing or preparing for group action**."[57] That individual employee must have been "acting on behalf of, or as a representative of, other employees rather than acting for the benefit of other employees only in a theoretical sense."[58] While the employee does not need to specifically be elected by the employees to represent them, the employee "must

---

[54] 359 U.S. at 245.
[55] *Platt v. Jack Cooper Transport, Co., Inc.*, 959 F.2d 91, 94 (8th Cir. 1992).
[56] *Vic Tanny Int'l, Inc. v. NLRB*, 622 F.2d 237, 241 (6th Cir. 1980).
[57] *Manimark Corp. v. N.L.R.B.*, 7 F.3d 547, 550 (6th Cir. 1993). (**Emphasis** added).
[58] *Id.*

be actually, rather than impliedly, representing the views of other employees."[59] In this matter, **none** of these circumstances are present.

Indeed, Defendant does not permit unions.[60] Merritt was not part of a union.[61] It is quizzical that Defendant tries to hide behind an argument relying on union activity when its own employee handbook includes a section explaining its viewpoints against union activities.[62] Additionally, while Merritt's safety complaints were for the benefit of the other employees and their safety, he was not raising his safety complaints about David Shaffer *on behalf of any other employee*, which is a prerequisite for "concerted activity" under the NLRA. There is no evidence in the record that anyone asked Merritt to voice their shared concern about David Shaffer's safety violations. Accordingly, Defendant's argument that the NLRB preempts Merritt's public policy claim is misplaced and this Court should deny Defendant's Motion for Summary Judgment.

## VI. A GENUINE ISSUE OF FACT REMAINS AS TO MERRITT'S AGE DISCRIMINATION CLAIM.

### A. Merritt Has Satisfied His Prima Facie Case For Age Discrimination.

The *prima facie* elements of Merritt's age claims can be established through the *McDonnell Douglas* burden shifting test: (1) the plaintiff is a member of a protected class, (2) subjected to an adverse employment action, (3) qualified for the position, and (4) **was replaced by** or treated less favorably than an individual outside of the protected class.[63] The Ohio Supreme Court has held that the elements of the prima facie case must remain flexible so that they can conform to the facts of the

---

[59] *Id.*
[60] Schaffer Depo. @ 20.
[61] Merritt Depo. @ 24.
[62] Schaffer Depo. @ 20.
[63] *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 802, 93 S.Ct. 1817, 1824, 36 L.Ed.2d 668 (1973) (**Emphasis** added); *Cooley v. Carmike Cinemas, Inc.,* 25 F.3d 1325, 1329 (6th Cir. 1994); *Williams v. AT&T Mobility Services LLC*, 847 F.3d 384 (6th Cir. 2017); *Carter v. University of Toledo*, 349 F.3d 269 (6th Cir. 2003).

case.[64] In the present matter, Defendant concedes the first three elements of Merritt's age discrimination claim.

Regarding the fourth element, Defendant argues that Merritt cannot demonstrate that he was treated differently than a significantly younger counterpart, however, Merritt is not required to make any such showing. As stated above, showing similarly-situated evidence is an *alternative* to the traditional fourth element of an age-motivated wrongful termination claim, which is to show that the plaintiff was replaced by a person outside the protected claim. Here, Merritt has presented evidence that after he was fired, he was replaced by Travis Sheperd. Travis, who was 42 years old, is the younger brother of Tim Sheperd and is significantly younger than Merritt who was 52 at the time of his termination.[65] Thus, Merritt has satisfied his prima facie case.

### B. Merritt Has Shown That Defendant's Proffered Reason For Termination Was Pretextual.

Once a plaintiff establishes the *McDonnel Douglas* prima facie case, the defendant must produce evidence of a non-discriminatory reason for the termination.[66] The burden then shifts to the plaintiff who may show that the defendant's proffered reason is pretextual because it "(1) has no basis in fact, (2) did not actually motivate the defendant's challenged conduct, or (3) was insufficient to warrant the challenged conduct."[67] Thus, a plaintiff can then "prove that the proffered reason was actually a pretext to hide unlawful discrimination."[68] In *Holbrook v. LexisNexis*, the Second District Ohio Court of Appeals, held that a plaintiff need only create a

---

[64] *Williams v. City of Akron* (2005), 107 Ohio St. 3d 203, 205-206 (*citing McDonnell Douglas*).

[65] *See Grosjean v. First Energy Corp.*, 349 F.3d 332, 336 (6th Cir.) ("Age differences of ten or more years have generally been held to be sufficiently substantial to meet the requirement of the fourth part of age discrimination prima facie case.").

[66] *Schram v. Schwan's Sales Enterprises, Inc.*, 124 Fed.Appx. 380 (6th Cir. 2005); *Scott v. Goodyear Tire & Rubber Co.*, 160 F.3d 1121 (6th Cir. 1998).

[67] *Scott*, 160 F.3d 1121 at 1126.

[68] *Johnson v. Univ. of Cincinnati*, 215 F.3d 561, 572-573 (6th Cir. 2000).

"factual dispute" that the explanation is a pretext for discrimination.[69] Moreover, when examining

whether a plaintiff can establish pretext, the Sixth Circuit cautioned that "in discrimination and

retaliation cases, an employer's true motivations are particularly difficult to ascertain" and thus,

specific allegations or evidence by the plaintiff are not necessary to create a genuine issue of

material fact.[70] The Court in *Singfield* further stated that such factual determinations are frequently

inappropriate for summary judgment.[71]

　　　Initially, the evidence shows that Defendant's reason for termination has no basis in fact.

Indeed, there is no evidence showing that Merritt was involved in giving David Shafer the t-shirt,

sunglasses, pen, and handwritten note, nor is there any evidence that Merritt lied during the

investigation, <u>nothing</u>. At the outset of the investigation, Merritt, Oney, and Sheperd were

interviewed, and all denied involvement with the t-shirt, sunglasses, pen, and handwritten note.

Subsequent investigation showed conclusive evidence that Oney admitted to purchasing and

picking up the t-shirt, and he later admitted to the t-shirt, sunglasses, pen, and handwritten note.

Only after it was conclusively discovered that he was involved and lied, did he not only try to point

the finger at Merritt <u>and</u> Sheperd. Even then, Defendant terminated Merritt, but not Sheperd. Thus,

there are a multitude of factual disputes and discrepancies, and there is no conclusive evidence,

that Merritt engaged in the conduct alleged by Defendant. Therefore, summary judgment is not

appropriate.

---

[69] *Holbrook v. LexisNexis*, 169 Ohio App.3d 345, 862 N.E.2d 892 (2nd Dist. 2006); *Neely v. Franklin Cty. Aud.*, 97 Ohio App.3d 771, 647 N.E.2d 557 (10th Dist. 1994); *Jones v. Swagelok Co.*, 2004-Ohio-3876, 2004 WL 1631162 (8th Dist. 2004); *James v. Delphi Automotive Systems*, 2004-Ohio-5493, 2004 WL 2307825 (10th Dist. 2004).
[70] *Singfield v. Akron Metro. Hous. Authority*, 389 F.3d 555 (6th Cir. 2004) citing *United States Postal Serv. Bd. of Governors v. Aikens*, 460 U.S. 711, 716, 103 S. Ct. 1478 (1983) (acknowledging that discrimination cases present difficult issues for the trier of fact, as "[t]here will seldom be 'eyewitness' testimony as to the employer's mental processes").
[71] *Id.* (citing *Lowe v. City of Monrovia*, 775 F.2d 998, 1009 (9th Cir. 1985) (stating that very little additional evidence is required to raise a genuine issue of fact regarding motive, and concluding that summary judgment on the merits is ordinarily inappropriate once a *prima facie* case has been established)).

Additionally, the evidence presented establishes a genuine issue of material fact whether Defendant's proffered reason for Merritt's termination actually motivated the termination conduct and whether it was sufficient to warrant the termination. As discussed above, while both Sheperd and Merritt were implicated in giving David Shafer the t-shirt, sunglasses, pen, and handwritten note, Merritt was terminated and Sheperd was not. While Defendant points to the fact that Oney was terminated for the same alleged reasons as Merritt, the evidence conclusively reflected Oney's involvement was *proven through his own admission*. There is no such evidence related to Merritt and moreover, the fact remains that Defendant consciously chose to terminate Merritt (who has just complained about safety issues), keep Sheperd (despite him facing the same allegations), and then replace Merritt with Sheperd's younger brother, Travis. Thus, there is a genuine issue of material fact as to whether Defendant's proffered reason for Merritt's termination actually motivated the termination conduct and/or whether it was sufficient to warrant the termination.

## VII.  CONCLUSION

Based on all of the foregoing reasons, Merritt respectfully requests that this Honorable Court deny Defendant's Motion for Summary Judgment in its entirety.

Respectfully submitted,

*/s/ Taurean J. Shattuck*

Fred M. Bean (0086756)
Taurean J. Shattuck (0097364)
**SPITZ, THE EMPLOYEE'S LAW FIRM**
25825 Science Park Drive, Suite 200
Beachwood, OH 44122
Phone: (216) 291-4744
Fax:    (216) 291-5744
Email: Fred.Bean@SpitzLawFirm.com
Taurean.Shattuck@SpitzLawFirm.com

*Attorneys for Plaintiff*

14

**CERTIFICATE OF COMPLIANCE WITH L.R. 7.1(f)**

I hereby certify that the instant matter is assigned to standard track and that the foregoing complies with Local Rule 7.1(f).

> */s/ Taurean J. Shattuck*
> Fred M. Bean (0086756)
> Taurean J. Shattuck (0097364)
> **SPITZ, THE EMPLOYEE'S LAW FIRM**

**CERTIFICATE OF SERVICE**

I certify that the foregoing was served via the Court's Online Filing System this 16th day of May 2022, upon all parties, including counsel for Defendant, David A. Campbell.

> */s/ Taurean J. Shattuck*
> Fred M. Bean (0086756)
> Taurean J. Shattuck (0097364)
> **SPITZ, THE EMPLOYEE'S LAW FIRM**